CLOSED

# U.S. District Court
## District of South Carolina (Columbia)
## CRIMINAL DOCKET FOR CASE #: 3:05-cr-00497-MJP All Defendants

*PT 07-344-TFH* (handwritten)

Case title: USA v. Harper

Date Filed: 05/03/2005
Date Terminated: 09/13/2005

Assigned to: Honorable Matthew J
Perry, Jr

**FILED**

JAN 1 0 2007

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

### Defendant

**Orlando L Harper** (1)
*TERMINATED: 09/13/2005*

represented by **John Herman Hare**
Federal Public Defender's Office
1901 Assembly Street
Suite 200
Columbia, SC 29201
803-765-5070
Fax: 803-765-5084
Email: john_hare@fd.org
*ATTORNEY TO BE NOTICED*
*Designation: Public Defender or
Community Defender Appointment*

### Pending Counts

UTTER FORGED AND POSSESS
COUNTERFEIT SECURITY OF
ORGANIZATIONS AFFECTING
INTERSTATE AND FOREIGN
COMMERCE; 18:2 Aiding and Abetting
(1)

### Disposition

sentencing the defendant to the custody
of the bureau of prisons for a total term
of 15 months which consists of 15
months as to CR 05-497 and 15 months
as to CR 05-659 to run concurrent with
the recommendation that the defendant
participate in the Intensive Drug
treatment; remanding the defendant to
the marshal, Supervised release for a
total term of 3 years which consists of 3
years as to CR 05-497 and 3 years as to
05-659 to run concurrently, the
defendant shall not possess a firearm,
Special conditions of supervision - the
defendant shall participate in a substance
abuse treatment program to include drug
testing as approved by probation; the
defendant shall make monthly payments

of at least $100.00 towards his restitution, payments to begin 60 days after release from incarceration, the defendant shall not possess a firearm, Restitution in the amount of $15,059.01 without interest; special assessment of $100.00 is not due

## Highest Offense Level (Opening)

Felony

## Terminated Counts                                        Disposition

None

## Highest Offense Level (Terminated)

None

## Complaints                                               Disposition

None

## Plaintiff

**USA**                              represented by   **Marshall Prince**
                                                      US Attorneys Office
                                                      1441 Main Street
                                                      Suite 500
                                                      Columbia, SC 29201
                                                      803-929-3000
                                                      Fax: 803-254-2943
                                                      Email: marshall.prince@usdoj.gov
                                                      *LEAD ATTORNEY*
                                                      *ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 05/03/2005 | 2 | INDICTMENT as to Orlando L Harper (1) count(s) 1. (will, ) (Entered: 05/03/2005) |
| 05/03/2005 |  | Summons Issued in case as to Orlando L Harper Arraignment set for 5/17/2005 09:45 AM in Columbia # 2, Matthew J. Perry Court House, 901 Richland St, Columbia before Magistrate Judge Bristow Marchant. (will, ) (Entered: 05/03/2005) |

| 05/17/2005 | | Minute Entry for proceedings held before Judge Bristow Marchant: Defendant does not appear for arraignment. Government to submit bench warrant and order. Court Reporter ESR. (ljon) (Entered: 05/17/2005) |
|---|---|---|
| 05/19/2005 | 5 | ORDER FOR ISSUANCE OF Arrest WARRANT as to Orlando L Harper . Signed by Judge Bristow Marchant on 5/19/05. (ljon) (Entered: 05/20/2005) |
| 05/19/2005 | | Bench Warrant Issued in case as to Orlando L Harper. (ljon) (Entered: 05/20/2005) |
| 05/19/2005 | 6 | Summons Returned Unexecuted in case as to Orlando L Harper (jada, ) (Entered: 05/20/2005) |
| 05/23/2005 | | Arrest of Orlando L Harper (ljon) (Entered: 05/24/2005) |
| 05/23/2005 | 10 | Minute Entry for proceedings held before Judge Bristow Marchant :Arraignment as to Orlando L Harper (1) Count 1 held on 5/23/2005, Added attorney John Herman Hare for Orlando L Harper. Plea of Not guilty. $50,000 UNSECURED bond set, standard conditions. Court Reporter ESR. (ljon) (Entered: 05/24/2005) |
| 05/23/2005 | 11 | CJA 23 Financial Affidavit by Orlando L Harper (ljon, ) (Entered: 05/24/2005) |
| 05/23/2005 | 12 | ORDER APPOINTING FEDERAL PUBLIC DEFENDER as to Orlando L Harper John Herman Hare for Orlando L Harper appointed. . Signed by Judge Bristow Marchant on 5/23/05. (ljon, ) (Entered: 05/24/2005) |
| 05/23/2005 | 13 | UNSECURED Bond Entered as to Orlando L Harper in amount of $ 50,000, (ljon) (Entered: 05/24/2005) |
| 05/23/2005 | 15 | ORDER Setting Conditions of Release as to Orlando L Harper (1) $50,000 UNSECURED standard conditions . Signed by Judge Bristow Marchant on 5/23/05. (ljon ) (Entered: 05/24/2005) |
| 05/23/2005 | 16 | NOT GUILTY PLEA ENTERED as to Orlando L Harper (ljon, ) (Entered: 05/24/2005) |
| 05/23/2005 | 17 | SCHEDULING ORDER as to Orlando L Harper Jury Selection set for 7/13/2005 10:00 AM in Columbia # 3, Matthew J. Perry Court House, 901 Richland St, Columbia before Honorable Matthew J Perry JrMotions due by 6/13/2005. Pretrial Conference set for 6/27/2005 03:45 PM in Columbia # 3, Matthew J. Perry Court House, 901 Richland St, Columbia before Honorable Matthew J Perry Jr.. Signed by Judge Bristow Marchant on 5/23/05. (ljon ) (Entered: 05/24/2005) |
| 05/24/2005 | 7 | MOTION for Disclosure *of Intent to Use Evidence of Other Crimes, Wrongs, or Acts Under Federal Rules of Evidence 404(b)* by Orlando L Harper. Proposed Order sent to Judge Chambers email address? no. (Hare, John) (Entered: 05/24/2005) |
| 05/24/2005 | 8 | MOTION for Discovery *and Inspection* by Orlando L Harper. Proposed Order sent to Judge Chambers email address? no. (Hare, John) (Entered: |

05/24/2005

| 05/24/2005 | 9 | MOTION for Disclosure *of Intention to Use Evidence* by Orlando L Harper. Proposed Order sent to Judge Chambers email address? no. (Hare, John) (Entered: 05/24/2005) |

| 05/25/2005 | 18 | Bench Warrant Returned Executed on 5/20/05 in case as to Orlando L Harper. (asni, ) (Entered: 05/26/2005) |

| 05/27/2005 | 19 | MOTION for Discovery by USA as to Orlando L Harper. Proposed Order sent to Judge Chambers email address? No. (Prince, Marshall) (Entered: 05/27/2005) |

| 05/27/2005 | 20 | DISCLOSURE ORDER as to Orlando L Harper . Signed by Judge Matthew J Perry Jr on 5/27/05. (jada, ) (Entered: 05/27/2005) |

| 06/10/2005 | 21 | NOTICE OF HEARING as to Orlando L Harper Jury Selection reset for 7/12/2005 10:00 AM in Columbia # 3, Matthew J. Perry Court House, 901 Richland St, Columbia before Honorable Matthew J Perry Jr ***THIS RESCHEDULES THE JURY SELECTION FROM 7/13/05.*** (asni, ) (Entered: 06/10/2005) |

| 06/17/2005 | 22 | NOTICE OF HEARING as to Orlando L Harper Jury Selection reset for 7/7/2005 10:00 AM in Columbia # 3, Matthew J. Perry Court House, 901 Richland St, Columbia before Honorable Matthew J Perry Jr THIE RESCHEDULES THE JURY SELECTION FROM 7/12/05(jada, ) (Entered: 06/17/2005) |

| 06/17/2005 | 23 | COMMITMENT Issued as to Orlando L Harper, bond revoked per new charges filed (see criminal complaint 3:05-643) (ttil, ) (Entered: 06/20/2005) |

| 06/27/2005 | 24 | PLEA AGREEMENT as to Orlando L Harper (jada, ) (Entered: 06/28/2005) |

| 06/27/2005 | 25 | Minute Entry for proceedings held before Judge Matthew J Perry Jr:Change of Plea Hearing as to Orlando L Harper held on 6/27/2005 Plea Agreement accepted Orlando L Harper (1) Guilty Count 1., Motions terminated as to Orlando L Harper: 7 MOTION for Disclosure of Intent to Use Evidence of Other Crimes, Wrongs, or Acts Under Federal Rules of Evidence 404(b) filed by Orlando L Harper,, 19 MOTION for Discovery filed by USA,, 9 MOTION for Disclosure of Intention to Use Evidence filed by Orlando L Harper,, 8 MOTION for Discovery and Inspection filed by Orlando L Harper,. Court Reporter Dan Mayo. (jada, ) (Entered: 06/28/2005) |

| 06/27/2005 | 26 | Guilty PLEA ENTERED as to Orlando L Harper (jada, ) (Entered: 06/28/2005) |

| 06/28/2005 | 27 | NOTICE OF HEARING as to Orlando L Harper Sentencing set for 9/20/2005 11:30 AM in Columbia # 3, Matthew J. Perry Court House, 901 Richland St, Columbia before Honorable Matthew J Perry Jr. (jada, ) (Entered: 06/28/2005) |

| 07/27/2005 | 28 | NOTICE OF HEARING as to Orlando L Harper Sentencing set for 9/7/2005 09:30 AM in Columbia # 3, Matthew J. Perry Court House, 901 Richland St, |

Columbia before Honorable Matthew J Perry Jr. *** THIS RESCHEDULES THE HEARING FROM 9/20/05 AT 11:30 AM***(jada, ) (Entered: 07/27/2005)

08/30/2005     29  NOTICE OF HEARING as to Orlando L Harper Sentencing set for 9/7/2005 04:00 PM in Columbia # 3, Matthew J. Perry Court House, 901 Richland St, Columbia before Honorable Matthew J Perry Jr. *** PLEASE NOTE - THIS CHANGES THE TIME ONLY FROM 9:30 AM TO 4:00 PM ***(jada, ) (Entered: 08/30/2005)

09/07/2005     31  Minute Entry for proceedings held before Judge Matthew J Perry Jr:Sentencing held on 9/7/2005 as to Orlando L Harper Court Reporter Dan Mayo. (jada, ) (Entered: 09/08/2005)

09/13/2005     32  JUDGMENT Sentence Date: 9/7/05 as to Orlando L Harper (1), Count(s) 1, sentencing the defendant to the custody of the bureau of prisons for a total term of 15 months which consists of 15 months as to CR 05-497 and 15 months as to CR 05-659 to run concurrent, with the recommendation that the defendant participate in the Intensive Drug treatment program while incarcerated; remanding the defendant to the marshal, Supervised release for a total term of 3 years which consists of 3 years as to CR 05-497 and 3 years as to 05-659 to run concurrently, the defendant shall not possess a firearm, Special conditions of supervision - the defendant shall participate in a substance abuse treatment program to include drug testing as approved by probation; the defendant shall make monthly payments of at least $100.00 towards his restitution, payments to begin 60 days after release from incarceration,Restitution in the amount of $15,059.01 without interest; special assessment of $100.00 is not due . Signed by Judge Matthew J Perry Jr on 9/12/05. (jada, ) (Entered: 09/13/2005)

01/09/2007     34  Probation Jurisdiction Transferred to USDC for the District of Columbia as to Orlando L Harper Transmitted Transfer of Jurisdiction form, with certified copies of indictment, judgment and docket sheet. (jada, ) (Entered: 01/10/2007)

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 01/10/2007 10:52:14 | | |
| **PACER Login:** | us3871 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 3:05-cr-00497-MJP |
| **Billable Pages:** | 4 | **Cost:** | 0.32 |

| PROB 22<br>(Rev. 2/88) | | | DOCKET NUMBER (Tran. Court) |
|---|---|---|---|
| **TRANSFER OF JURISDICTION** | | FILED<br>DEC 2 0 2006<br>CLERK, U.S. DISTRICT COURT<br>DISTRICT OF COLUMBIA | 3:05-497-1 and 3:05-659-1 |
| | | | DOCKET NUMBER (Rec. Court)<br>RECEIVED<br>2007 JAN -10 FLORENCE, SC<br>P 4: 17 |

| NAME AND ADDRESS OF PROBATIONER/SUPERVISED RELEASEE | DISTRICT | DIVISION |
|---|---|---|
| Orlando Luwilliam Harper<br>613 12th Street, N.E.<br>Washington, D.C. | South Carolina | Florence |
| | NAME OF SENTENCING JUDGE<br>Matthew J. Perry, Jr. | |
| | DATES OF PROBATION/SUPERVISED RELEASE: | FROM<br>June 2, 2006 | TO<br>June 1, 2009 |

**OFFENSE**

Count 1- 3:05-497-1: Possessing, Passing, Uttering, Publishing, Selling or Attempting to Pass, Utter, Publish or Sell a Security of an Organization, 18 U.S.C. §§ 513(a) and 2
Count 1 - 3:05-659-1:  Possessing, Passing, Uttering, Publishing, Selling or Attempting to Pass, Utter, Publish or Sell a Security of an Organization, 18 U.S.C. § 513(a)

**PART 1 - ORDER TRANSFERRING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF South Carolina

  IT IS HEREBY ORDERED that pursuant to 18 U.S.C. 3605 the jurisdiction of the supervised releasee named above be transferred with the records of the Court to the United States District Court for the District of Columbia upon that Court's order of acceptance of jurisdiction.  This Court hereby expressly consents that the period of supervised release may be changed by the District Court to which this transfer is made without further inquiry of this court.*

July 31, 2006
_Date_

_United States District Judge_

*This sentence may be deleted in the discretion of the transferring Court.

**PART 2 - ORDER ACCEPTING JURISDICTION**

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF Columbia

  IT IS HEREBY ORDERED that jurisdiction over the above-named supervised releasee be accepted and assumed by this Court from and after the entry of this order.

19 December 2006
Effective Date

United States District Judge

(Form Revised in WP80 by D/SC - 9/97)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. _3:05 - 491_ |
| | ) | 18 U.S.C. § 513(a) |
| | ) | 18 U.S.C. § 2 |
| v. | ) | |
| | ) | |
| ORLANDO L. HARPER | ) | INDICTMENT |

## COUNT 1

THE GRAND JURY CHARGES:

From in or about August 2002, through in or about August 2003, in the District of South Carolina, ORLANDO L. HARPER knowingly did make, utter and possess counterfeit securities of organizations that operate in and the activities of which affect interstate and foreign commerce with the intent to deceive other persons, organizations, and governments;

In violation of Title 18, United States Code, Section 513(a) and Title 18, United States Code, Section 2.

A _____ TRUE _____ BILL

s/FOREPERSON _____
FOREPERSON

s/JONATHAN S. GASSER _____
JONATHAN S. GASSER (MP)
UNITED STATES ATTORNEY

1

PENALTY

18 U.S.C. 513(a)

FINE OF $250,000 (18 U.S.C. § 3571),    AND/OR IMPRISONMENT FOR 10 YEARS AND
A TERM OF SUPERVISED RELEASE OF 3 YEARS (18 U.S.C. § 3583), PLUS A
SPECIAL ASSESSMENT of $100.00 (18 U.S.C. § 3013)

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

RECEIVED
USDC CLERK, COLUMBIA, SC
2005 MAY 19 P 1: 56

UNITED STATES OF AMERICA          )          CRIMINAL NO.  3:05-497
                                  )
                                  )
          v.                      )
                                  )
ORLANDO HARPER                    )          BENCH WARRANT


The Clerk of Court is hereby directed to issue a warrant for the above-named

defendant, as requested by the United States Attorney for failing to appear for arraignment

scheduled for May 17, 2005 at 9:45 A.M.


BRISTOW MARCHANT
UNITED STATES MAGISTRATE JUDGE


Columbia, South Carolina

May _18_, 2005

I SO MOVE:

JONATHAN S.  GASSER
ACTING UNITED STATES ATTORNEY


BY: _____
      Marshall Prince, ID No.  5617
      Assistant United States Attorney
      1441 Main Street, Suite 500
      Columbia, South Carolina  29201
      (803) 929-3039

# IN THE
## DISTRICT COURT OF THE UNITED STATES
## FOR THE DISTRICT OF SOUTH CAROLINA

UNITED STATES OF AMERICA    )                    CR No.  05-497
                        vs.    )
                               )
                               )
   **ORLANDO HARPER**    )

        Pursuant to the Criminal Justice Act, Title 18, United States Code, Section 3006A, and the Plan of this District approved thereunder on April 21, 1971, by the Judicial Council of the Fourth Circuit,

        IT IS ORDERED that the Federal Public Defender is appointed to represent the above-named defendant.

                                              BRISTOW MARCHANT
                                     United States Magistrate Judge

Columbia, South Carolina

Date: May 23, 2005

AO199A (Rev. 3/87) Order Setting Conditions of Release

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

UNITED STATES OF AMERICA

vs.

**ORLANDO HARPER**

**ORDER SETTING CONDITIONS
OF RELEASE**

Criminal No.   05-497

IT IS ORDERED that the release of the defendant is subject to the following conditions:

(1) The defendant shall not commit any offense in violation of federal, state or local law while on release in this case.

(2) The defendant shall immediately advise the court, defense counsel and the U.S. Attorney in writing of any change in address and telephone number.

(3) The defendant shall appear at all proceedings as required and shall surrender for service of any sentence imposed as directed. The defendant shall next appear at_United States Courthouse (as  designated)_____ on __(When notified)__ _____.

## *RELEASE ON PERSONAL RECOGNIZANCE OR UNSECURED BOND*

IT IS FURTHER ORDERED that the defendant be released provided that:

■ (4) The defendant promises to appear at all proceedings as required and to surrender for service of any sentence imposed.

☑ (5) The defendant executes an unsecured bond binding the defendant to pay the United States the sum of _____ _Fifty thousand + 00/100_____ dollars ($_50,000___) in the event of a failure to appear as required or to surrender as directed for service of any sentence imposed.

AO199B (Rev. 8/97) Additional Conditions of Release

## *ADDITIONAL CONDITIONS OF RELEASE*

Upon finding that release by one of the above methods will not by itself reasonably assure the appearance of the defendant and the safety of other persons and the community, **IT IS FURTHER ORDERED** that the release of the defendant is subject to the conditions marked below:

☐ (6) The defendant is placed in the custody of:

Name of person or organization _____

Address _____

City and State _____ Tel. No. _____

who agrees (a) to supervise the defendant in accordance with all conditions of release, (b) to use every effort to assure the appearance of the defendant at all scheduled court proceedings, and (c) to notify the court immediately in the event the defendant violates any conditions of release or disappears.

Signed: _____

*Custodian or Proxy*

■ (7) The defendant shall:

☐ (a) maintain or actively seek employment.

☐ (b) maintain or commence an educational program.

■ (c) abide by the following restrictions on his personal associations, place of abode, or travel: Travel restricted to the State of South Carolina without prior permission of the Court through Pretrial Services.

☐ (d) avoid all contact with the following named persons, who are considered either alleged victims or potential witnesses:

_____

_____

■ (e) report on a regular basis to the Pretrial Services Office.

☐ (f) comply with the following curfew: _____

■ (g) refrain from possessing a firearm, destructive device, or other dangerous weapon.

■ (h) refrain from excessive use of alcohol.

■ (i) refrain from any use or unlawful possession of a narcotic drug and other controlled substances defined in 21 U.S.C. §802 unless prescribed by a licensed medical practitioner.

☐ (j) undergo medical or psychiatric treatment and/or remain in an institution, as follows: _____

_____

☐ (k) execute a bond or an agreement to forfeit upon failing to appear as required, the following sum of money or designated property: _____

☐ (l) post with the court the following indicia of ownership of the above-described property, or the following amount or percentage of the above-described money: _____

☐ (m) execute a bail bond with solvent sureties in the amount of $_____

☐ (n) return to custody each (week)day as of _____ o'clock after being released each (week)day as of _____ o'clock for employment, schooling, or the following limited purpose(s): _____

_____

☐ (o) surrender any passport to _____

☐ (p) obtain no passport.

■ (q) submit to urine analysis testing upon demand of the supervising officer.

■ (r) participate in a program of inpatient or outpatient substance abuse therapy and counseling if deemed advisable by the supervising officer.

☐ (s) submit to an electronic monitoring program with home confinement, at the expense of the government, as directed by the supervising officer.

☐ (t) _____

_____

AO199C (Rev. 3/87) Advice of Penalties...

## *ADVICE OF PENALTIES AND SANCTIONS*

Violation of any of the foregoing conditions of release may result in the immediate issuance of a warrant for the defendant's arrest, a revocation of release, an order of detention, as provided in 18 U.S.C. §3148, and a prosecution for contempt as provided in 18 U.S.C. §401 which could result in a possible term of imprisonment or a fine.

The commission of any offense while on pretrial release may result in an additional sentence upon conviction for such offense to a term of imprisonment of not less than two years nor more than ten years, if the offense is a felony; or a term of imprisonment of not less than ninety days nor more than one year, if the offense is a misdemeanor. This sentence shall be consecutive to any other sentence and must be imposed in addition to the sentence received for the offense itself.

18 U.S.C. §1503 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to intimidate or attempt to intimidate a witness, juror, or officer of the court; 18 U.S.C. §1512 makes it a criminal offense punishable by up to five years of imprisonment and a $250,000 fine to obstruct a criminal investigation; 18 U.S.C. §1512 makes it a criminal offense punishable by up to ten years in imprisonment and a $250,000 fine to tamper with a witness, victim or informant; and 18 U.S.C. §1513 makes it a criminal offense punishable by up to ten years of imprisonment and a $250,000 fine to retaliate against a witness, victim or informant, or threaten or attempt to do so.

It is a criminal offense under 18 U.S.C. §3146, if after having been released, the defendant knowingly fails to appear as required by the conditions of release, or to surrender for the service of sentence pursuant to a court order. If the defendant was released in connection with a charge of, or while awaiting sentence, surrender for the service of a sentence, or appeal or certiorari after conviction, for:

(1) an offense punishable by death, life imprisonment, or imprisonment for a term of fifteen years or more, the defendant shall be fined not more than $250,000 or imprisoned for not more than ten years, or both;

(2) an offense punishable by imprisonment for a term of five years or more, but less than fifteen years, the defendant shall be fined not more than $250,000 or imprisoned for not more than five years, or both;

(3) any other felony, the defendant shall be fined $250,000 or imprisoned not more than two years, or both;

(4) a misdemeanor, the defendant shall be fined not more than $100,000 or imprisoned not more than one year, or both.

A term of imprisonment imposed for failure to appear or surrender shall be consecutive to the sentence of imprisonment for any other offense. In addition, a failure to appear may result in the forfeiture of any bail posted.

### ACKNOWLEDGMENT OF DEFENDANT

I acknowledge that I am the defendant in this case and that I am aware of the conditions of release, I promise to obey all conditions of release, to appear as directed, and to surrender for service of any sentence imposed. I am aware of the penalties and sanctions set forth above.

_____
*Signature of Defendant*

### Directions to United States Marshal

(X ) The defendant is ORDERED released after processing.

( ) The United States Marshal is ORDERED to keep the defendant in custody until notified by the clerk or judicial officer that the defendant has posted bond and/or complied with all other conditions for release. The defendant shall be produced before the appropriate judicial officer at the time and place specified, if still in custody.

Date: _____ May , 2005 _____

_____
Signature of Judicial Officer
BRISTOW MARCHANT
United States Magistrate Judge

cc: Defendant's Attorney           U.S. Marshal
    U.S. Attorney                  Pretrial Services          Probation

AO98 (Rev. 8/85) Appearance Bond (Non-Surety)

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA

UNITED STATES OF AMERICA

vs.

**APPEARANCE BOND**

____ORLANDO HARPER____

**Criminal Number:**   __05-497__

■   Non-surety: I, the undersigned defendant, acknowledge that I and my ...
personal representatives, jointly and severally, are bound to pay to the United States of America the sum of
$ 50,000  unsecured.

The conditions of this bond are that the defendant,   __*Orlando Harper*__ to comply with all conditions of pretrial release and is to appear before this court and at such other places as the defendant may be required to appear, in accordance with any and all orders and directions relating to the defendant's appearance in this case, including appearance for violation of a condition of defendant's release as may be ordered or notified by this court or any other United States District Court to which the defendant may be held to answer or the cause transferred. The defendant is to abide by any judgment entered in such matter by surrendering to serve any sentence imposed and obeying any order or direction in connection with such judgment.

It is agreed and understood that this is a continuing bond agreement (including any proceeding on appeal or review) which shall continue until such time as the undersigned are exonerated.

If the defendant appears as ordered or notified and otherwise obeys and performs the foregoing conditions of this bond, then this bond is to be void, but if the defendant fails to obey or perform any of these conditions, payment of the amount of this bond shall be due forthwith. Forfeiture of this bond for any breach of its conditions may be declared by any United States District Court having cognizance of the above entitled matter at the time of such breach and if the bond is forfeited and if the forfeiture is not set aside or remitted, judgment may be entered upon motion in such United States District Court against each debtor jointly and severally for the amount above stated, together with interest and costs, and execution may be issued and payment secured as provided by the Federal Rules of Criminal Procedure and any other laws of the United States.

Defendant Signature: _____

Signed and acknowledged before me on __5/23/05__ .

_____
BRISTOW MARCHANT
UNITED STATES MAGISTRATE JUDGE

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF SOUTH CAROLINA

### COLUMBIA  DIVISION

UNITED STATES OF AMERICA

vs.                         CRIMINAL  NO. 3:05-0497

**ORLANDO L. HARPER**

## PLEA

      The defendant, ORLANDO L. HARPER, acknowledges receipt of a copy of the Indictment and after arraignment pleads _____ not guilty _____ in open court.

 

_(Signed) Defendant_

 

Columbia, SC

May 23 , 2005
     (Date)



## IN THE UNITED STATES DISTRICT COURT
## FOR THE  DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **CR. NO. 3:05-497 (MJP)** |
| | ) | |
| vs. | ) | |
| | ) | **SCHEDULING NOTICE** |
| <u>ORLANDO HARPER</u> | ) | |

## <u>MOTION FILING DDL:  June 13, 2005</u>

**PRETRIAL CONFERENCE:** A pretrial conference will be scheduled before the Honorable Matthew J. Perry at <u>**3:45pm  on June 27, 2005**</u>   in the Matthew J. Perry Courthouse, **Courtroom No. 3**, Columbia, South Carolina.

     The defendant and his/her attorney must attend the conference.  If a Plea Agreement has been reached by the pretrial date, entry of a guilty plea will be taken at that time.

**JURY SELECTION AND TRIAL:** A jury will be selected for the trial of this case at <u>**10:00 a.m.**</u> on <u>**July 13, 2005**</u> in Courtroom No. 3, Columbia, South Carolina. The defendant and his/her attorney must be present for the entire jury selection process.  The trial judge will be the **Honorable Matthew J. Perry.**

     The date for the trial of this case will be announced on the date the jury is selected.

     Pursuant to the Local Rules of this court, counsel must submit any proposed voir dire questions and special jury instructions to the court (with a copy being sent to opposing counsel) at least five business days prior to jury selection.  If such requests are not made by the deadline, counsel shall have waived the right to submit them.

     All parties are advised that the jury clerk will send each juror a written questionnaire to be completed and returned prior to jury selection.  Copies of these questionnaire responses will be available for purchase at **Imaging Technologies** [(803) 254-2561] beginning 1 week prior to jury selection; a Juror Questionnaire Request Form may be accessed on the web at    *www.scd.uscourts.gov/docs.htm* (Click on Calendar Attachments.)  The originals of the questionnaire responses will be available for inspection in the clerk's office during the same time period.  The questionnaires ask many of the same questions that are traditionally asked of the jurors during *voir dire* at jury selection.  All parties are responsible for obtaining copies of the questionnaire responses.  The questions on the juror questionnaires will not be repeated in the courtroom during jury selection.

                                                     LARRY W. PROPES, CLERK

Date:  May 23, 2005

                                               /s/ Keshia Jones, Deputy Clerk

***<u>ATTENTION ALL PARTIES: A picture ID is required for everyone who enters the Courthouse.</u>***

| Judge | U.S. Attorney<br>Attorney | Defendant<br>Pretrial Services | U.S. Probation<br>U.S. Marshal | Schedule/Court Reporter<br>Courtroom Deputy | Jury Clerk<br>File |
|---|---|---|---|---|---|

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 3:05-497 |
| | ) | |
| -vs- | ) | MOTION FOR DISCLOSURE OF |
| | ) | INTENT TO USE EVIDENCE OF |
| | ) | OTHER CRIMES, WRONGS, OR |
| ORLANDO HARPER | ) | ACTS UNDER FEDERAL RULES |
| | ) | OF EVIDENCE 404(B) |

The defendant, ORLANDO HARPER, through his undersigned attorney, does hereby move the Court, pursuant to Federal Rules of Evidence, Rule 404(b), for an Order requiring the Government to disclose its intent to use any evidence of other crimes, wrongs, or acts as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, accident, or any other purpose. In this regard, the Government should specify the particular crime, wrong, or act to be used and the particular theory upon which it is admissible.

s/John H. Hare
JOHN H. HARE
Assistant Federal Public Defender
1901 Assembly Street, Suite 200
Columbia, South Carolina 29201
Telephone: (803) 765-5070
E-Mail: John_Hare@fd.org
Attorney ID #1715

Columbia, South Carolina

May 24, 2005

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 3:05-497 |
| | ) | |
| -vs- | ) | |
| | ) | MOTION FOR DISCOVERY |
| ORLANDO HARPER | ) | AND INSPECTION |

The defendant, ORLANDO HARPER, through his undersigned attorney, does hereby

move the Court for discovery and inspection of the following:

1.    Any relevant written or recorded statements made by the defendant, or copies thereof, within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known, to the attorney for the Government;

2.    The substance of any oral statement which the Government intends to offer in evidence at the trial made by the defendant;

3.    The prior criminal record of the defendant;

4.    All books, papers, documents, photographs or tangible objects which are in the possession, custody or control of the Government, and are relevant to this case, including any handwritten notes taken by any investigating agents;

5.    The results or reports of physical or mental examinations, of scientific tests or experiments, or copies thereof, which are within the possession, custody or control of the Government, the existence of which is known, or by the exercise of due diligence may become known to the attorney for the Government;

6.    Pursuant to Fed.R.Crim.P. 16(a)(1)(E), a written summary of testimony the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence during its case in chief at trial, including the witnesses' opinions, the basis and the reasons thereof, and the witnesses' qualifications.

7.    All evidence favorable to the defendant, or which would be helpful in the preparation of a defense or in mitigation of punishment. This includes, but is not limited to, the following:

(a)    All information relevant to the credibility of any Government witness;

(b)    All information concerning the conduct, character and reputation of any such witness which is relevant to his or her truthfulness or untruthfulness;

(c)    The criminal record of such witness, including specifically, any prior conviction of a crime punishable by death or imprisonment in excess of one year or which involved dishonesty or false statement;

(d)    The substance of any agreement, or proposed agreement, either oral or written, made in the name of the Government of the United States to any Government witness, the subject of which deals either directly or indirectly with promise of favored treatment or leniency in return for either pleas of guilty, nolo contendere or favorable testimony in this case or any other criminal or civil litigation or sentencing procedure;

(e)    All evidence tending to show that any acts or conduct by the defendant were done without criminal intent;

(f)    This request specifically includes any information which could show that at the time of any alleged act, that the defendant, ORLANDO HARPER, was neither present, mentioned or involved directly or indirectly;

(g)    All names and present addresses of persons who have any knowledge of the existence of any evidence which might be relevant to acts charged as a crime in the Indictment against the defendant, including all persons who

(a) will be witnesses for the Government upon the trial of this case, or (b) will not be called as witnesses by the Government;

(h)    The transcript of testimony of any and all persons who testified before the Grand Jury in this case; and,

8.  All statements of witnesses producible under Title 18, United States Code, Section 3500, the Jencks Act, at least seventy-two (72) hours prior to trial.

9.  Pursuant to the provisions of Title 18, United States Code, Section 2518(9):

(a)  All records relating to intercepted wire or oral communications and/or any evidence discovered therefrom.

Respectfully submitted,


s/John H. Hare
JOHN H. HARE
Assistant Federal Public Defender
1901 Assembly Street, Suite 200
Columbia, South Carolina 29201
Telephone: (803) 765-5070
E-Mail:  John_Hare@fd.org
Attorney ID #1715

Columbia, South Carolina

May 24, 2005

IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CR. NO. 3:05-497 |
| | ) | |
| -vs- | ) | MOTION TO DISCLOSE |
| | ) | INTENTION TO USE |
| ORLANDO HARPER | ) | EVIDENCE |

To:    Marshall Prince
       Assistant United States Attorney

YOU WILL PLEASE TAKE NOTICE that the undersigned attorney for the

defendant, ORLANDO HARPER, will appear before the United States Court for the District of

South Carolina at such place and time as counsel can be heard, and then and there move pursuant

to Rule 12(b)(4), Federal Rules of Criminal Procedure, that the Court order the Government to notify

the defendant of its intention to use any evidence at trial which may be subject to a motion to

suppress.

Respectfully submitted,


s/John H. Hare
JOHN H. HARE
Assistant Federal Public Defender
1901 Assembly Street, Suite 200
Columbia, South Carolina 29201
Telephone: (803) 765-5070
E-Mail: John_Hare@fd.org
Attorney ID #1715

Columbia, South Carolina

May 24, 2005

AO 442 (Rev. 5/85) Warrant for Arrest

# UNITED STATES DISTRICT COURT
## DISTRICT OF SOUTH CAROLINA
## COLUMBIA DIVISION ☐

UNITED STATES OF AMERICA

v.

**WARRANT FOR ARREST**

ORLANDO L. HARPER

**CRIMINAL NO. 3:05-497**

(Name and Address of Defendant)

To:    The United States Marshal
       and any Authorized United States Officer

        YOU ARE HEREBY COMMANDED to arrest  **ORLANDO L. HARPER**
                                                          Name
and bring him or her forthwith to the nearest magistrate to answer a(n)

☐ Indictment  ☐ Information  ☐ Complaint  ☒ Order of court  ☐ Violation Notice  ☐ Probation Violation

charging him or her with (brief description of offense)

    *Failure to appear for arraignment scheduled for March 8, 2005 at 10:00 A.M.*

in violation of Title 18_____, United States Code, Section(s) _____

## LARRY W. PROPES
Name of Issuing Officer

_Yakeshia James_
Signature of Issuing Officer

**Clerk**
Title of Issuing Officer

May  19  , 2005, Columbia, South Carolina
Date and Location

BOND TO BE SET BY JUDICIAL OFFICER BEFORE WHOM
DEFENDANT INITIALLY APPEARS

by    **BRISTOW MARCHANT**
      Name of Judicial Officer
      United States Magistrate Judge

| RETURN | | |
|---|---|---|
| This warrant was received and executed with the arrest of the above-named defendant at _____ Columbia SC | | |
| DATE RECEIVED | NAME AND TITLE OF ARRESTING OFFICER | SIGNATURE OF ARRESTING OFFICER |
| DATE OF ARREST 5/20/05 | Ted Lane, USSS | by: _____ |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

UNITED STATES OF AMERICA          )          CRIMINAL NO. 3:05-497
                                  )
          v.                      )
                                  )
ORLANDO L. HARPER                 )

## MOTION FOR RECIPROCAL DISCOVERY ON BEHALF OF THE UNITED STATES

The United States, by and through its undersigned attorney, moves that this

Honorable Court direct the Defendant to make available for inspection and copying each

of the following:

A. Pursuant to F.R.Crim.P. 26.2 and United States v. Nobles, 422 U.S. 225 (1975):

All prior statements in the possession of the Defendant, if any, given

by witnesses whom the Defendant expects to call at trial, other than the

Defendant himself.   The term "statements" is to be construed by the

Defendant the same as defined in F.R.Crim.P. 26.2 (effective December 1,

1980) and the Jencks Act, 18, U.S.C. §3500.


B. Pursuant to F.R.Crim.P. 16(b)(1)(A):

All books, papers, documents, photographs, tangible objects, or

copies or portions thereof, which are within the possession, custody, or

control of the Defendant and which the Defendant intends to introduce as

evidence in chief . . . .

1

C.  Pursuant to F.R.Crim. P. 16(b)(1)(B):

Any results or reports of . . . scientific tests or experiments made in connection with the particular case, or copies thereof, within the possession or control of the Defendant, which the Defendant intends to introduce as evidence in chief at the trial or which were prepared by a witness whom the Defendant intends to call at the trial when the results or reports relate to his testimony.

Respectfully submitted,

JONATHAN S.  GASSER
ACTING UNITED STATES ATTORNEY


By: s/Marshall Prince
        Marshall Prince, ID No. 5617
        Assistant U. S. Attorney
        1441 Main Street, Suite 500
        Columbia, South Carolina 29201
        (803)  929-3039

May 27, 2005

2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

UNITED STATES OF AMERICA    )    CRIMINAL NO. 3:05-497
                               )
        v.               )
                               )
ORLANDO L.  HARPER       )

## CERTIFICATION LOCAL RULE 12.02

Pursuant to Rule 12.02, Local Rules for the District of South Carolina, the Government certifies that, because of the nature of the attached motion, consultation with counsel for the Defendant would serve no useful purpose.

JONATHAN S.  GASSER
ACTING UNITED STATES ATTORNEY


By: s/Marshall Prince
        Marshall Prince, ID No. 5617
        Assistant U. S. Attorney
        1441 Main Street, Suite 500
        Columbia, South Carolina 29201
        (803)  929-3039


May 27, 2005

3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 3:05-497 |
| | ) | |
| v. | ) | |
| | ) | |
| ORLANDO L. HARPER | ) | CERTIFICATE OF SERVICE |

As attorney of record, on May 17, 2005, I caused to be served one true and correct

copy of the attached **MOTION FOR RECIPROCAL DISCOVERY and CERTIFICATION**

**LOCAL RULE 12.02** via the court's e-noticing system, but if that means failed, then by

regular mail, on the following persons(s):

John H. Hare, Esquire
Assistant Federal Public Defender
1901 Assembly Street, Suite 200
Columbia, South Carolina 29201

JONATHAN S. GASSER
ACTING UNITED STATES ATTORNEY

By: s/Marshall Prince
    Marshall Prince, ID No. 5617
    Assistant U. S. Attorney
    1441 Main Street, Suite 500
    Columbia, South Carolina 29201
    (803) 929-3039

May 27, 2005

4

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

UNITED STATES OF AMERICA    )    CRIMINAL NO.  3:05-497
    )
    v.    )
    )
ORLANDO L.  HARPER    )    <u>DISCLOSURE ORDER</u>

The United States of America has moved, pursuant to *FRCrP* 6(e)(3)(C)(i) and

*FRCrP* 6(e)(3)(A)(i), for an order authorizing disclosure to the defendant in this case and

the defendant's counsel certain matters occurring before the grand jury which are relevant

to this case, including the grand jury testimony of certain potential trial witnesses in this

case and other information obtained by or on behalf of the grand jury.

The United States has represented that disclosure of these matters is necessary

in order to permit the parties to engage in meaningful plea negotiations and pre-trial

discovery, and further that the matters sought to be disclosed are those which otherwise

may be subsequently provided to the defendant and counsel pursuant to Title 18, United

States Code, Section 3500, and Rules 16 and 26.2 of the Federal Rules of Criminal

Procedure. It appears to the court that the need for secrecy is diminished since it is likely

these matters will be disclosed by law to the defendant and counsel in the future, and

disclosure at this time may promote judicial economy and efficiency. Thus, the court finds

these representations sufficient to establish a particularized need for the disclosures

requested by the United States. *See In Re Grand Jury Proceedings*, 800 F.2d 1293 (4th

Cir. 1986).

The United States also seeks to disclose to potential government trial witnesses

and their attorneys the transcripts of those witnesses' own testimony before the grand jury

1

and other information obtained by or on behalf of the grand jury which may be relevant to that testimony. The United States represents that such disclosure is necessary in order to effectively and adequately prepare these witnesses for testifying at trial, and further that such disclosure is fair and in the interests of justice since these transcripts and other information would otherwise be made available to counsel for the defendant, pursuant to Title 18, United States Code, Section 3500, and Rules 16 and 26.2 of the Federal Rules of Criminal Procedure, for the purpose of cross-examining these witnesses at trial. Since these disclosures involve the witnesses' own testimony which will otherwise be disclosed at trial, the court finds that the need for secrecy is diminished and that these representations are sufficient to establish a particularized need for the disclosures requested by the United States. *See In Re Grand Jury Proceedings, id.*

Therefore, it is

ORDERED that the United States is authorized to disclose to the defendant and the defendant's counsel the grand jury testimony of potential witnesses in this case and other information obtained by or on behalf of the grand jury; it is further

ORDERED that the United States is authorized to disclose to potential government trial witnesses transcripts of those witnesses' own testimony before the grand jury and other information obtained by or on behalf of the grand jury relevant to that testimony; it is further

ORDERED that the matters to be disclosed are left to the discretion of the United States, and the United States shall clearly identify all such matters as grand jury material and shall maintain a record of the matters so disclosed; it is further

ORDERED that the defendant and the defendant's counsel and the witnesses and

their counsel are to make no copies or other disclosure of the matters provided pursuant to this order without further order of this court; it is further

ORDERED that if the defendant or any witness to whom disclosure is made pursuant to this order is in custody, counsel for the defendant or any such witness shall not permit the defendant or witness to retain any matters so disclosed while the defendant or witness remains in custody; and it is further

ORDERED that not later than the conclusion of the trial, guilty plea or other final resolution of this case in the District Court, all matters disclosed pursuant to this order are to be immediately returned to the United States.

IT IS SO ORDERED.

_____S/ Matthew J. Perry, Jr._____
MATTHEW J.  PERRY, JR.
SENIOR UNITED STATES DISTRICT JUDGE

May 27, 2005

Columbia, South Carolina

3

AO 92k

## COMMITMENT

(Rev. 6/83)

| United States District Court | DISTRICT<br>SOUTH CAROLINA |
|---|---|

| | DOCKET NO.<br>C/R 3:05- 497 |
|---|---|
| UNITED STATES OF AMERICA<br><br>vs.<br><br>ORLANDO HARPER | |
| | MAGISTRATE CASE NO. |

The above named defendant was arrested upon the complaint of

charging a violation of     U.S.C. §     See copy of Indictment/Information/Complaint/Petition

| DISTRICT OF OFFENSE | DATE OF OFFENSE |
|---|---|

DESCRIPTION OF CHARGES:

See Copy of   COMPLAINT

**BOND IS FIXED AT**     $  *bond revoked*

TO:     THE UNITED STATES MARSHAL

You are hereby commanded to take the custody of the above named defendant and to commit that defendant with a certified copy of this commitment to the custodian of a place of confinement approved by the Attorney General of the United States where the defendant shall be received and safely kept until discharged in due course of law.

June 17, 2005
Date

Joseph R. McCrorey, United States Magistrate Judge

### RETURN

This commitment was received and executed as follows:

| DATE COMMITMENT ORDER RECEIVED | PLACE OF COMMITMENT | | DATE DEFENDANT COMMITTED |
|---|---|---|---|
| DATE | UNITED STATES MARSHAL | | (BY) DEPUTY MARSHAL |

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 3:05-497 |
| | ) | CRIMINAL NO. _3:05-659_ |
| v. | ) | |
| | ) | |
| ORLANDO L. HARPER | ) | **PLEA AGREEMENT** |

AGREEMENT made this _27th_ day of June, 2005, between and among the

United States of America, as represented by Acting United States Attorney Jonathan

S. Gasser, Assistant United States Attorney Marshall Prince; the Defendant, **ORLANDO**

**L. HARPER**, and Defendant's Attorney, John H. Hare, Esquire.

IN CONSIDERATION of the mutual promises made herein, the parties hereto

agree as follows:

1.    The Defendant, **ORLANDO L. HARPER**, agrees to plead guilty to Count 1

of the Indictment now pending, FED. R. CRIM. P. 11(a), which charges that from in or

about August 2002, through in or about August 2003, ORLANDO L. HARPER knowingly

did make, utter and possess counterfeit securities of organizations that operate in and

the activities of which affect interstate and foreign commerce with the intent to deceive

other persons, organizations, and governments, a violation of Title 18, United States

Code, Section 513(a) and Title 18, United States Code, Section 2. The elements of this

offense are:

One: The defendant possessed, passed, uttered, published, or sold
or attempted to pass, utter, publish, or sell ~~an obligation of the United~~
~~States~~; q Security an organization;

Two: At the time that the defendant possessed, passed, uttered,

-1-

published, or sold or attempted to pass, utter, publish or sell the obligation, the defendant knew that the obligation was falsely made, forged, counterfeit or altered; and

Three: The defendant acted with the intent to defraud.

2.      The Defendant, **ORLANDO L. HARPER**, agrees to waive Indictment, FED. R. CRIM. P. 7(b), and arraignment, FED. R. CRIM. P. 10 and agrees to plead guilty to an Information charging that on or about June 16, 2005,   **ORLANDO L. HARPER**, with intent to deceive Wal-Mart Corporation, 10060 Two Notch Road, Columbia, South Carolina, did make, utter and possess a counterfeit security, that is, a check purportedly drawn on Sara Lee Sock Company, an organization which operates in and the activities of which affect interstate commerce, payable to Kevin Liamone, in violation of Title 18, United States Code, Section 513(a), F.R. CRIM. P. 11.

The elements of this offense are:

One: The defendant possessed, passed, uttered, published, or sold or attempted to pass, utter, publish, or sell an obligation of the United ~~States~~ a Security; a ~~n obligation~~ organization

Two: At the time that the defendant possessed, passed, uttered, published, or sold or attempted to pass, utter, publish or sell the obligation, the defendant knew that the obligation was falsely made, forged, counterfeit or altered; and

Three: The defendant acted with the intent to defraud.

3.      The Defendant,   **ORLANDO L. HARPER**  , agrees to consent to the commencement of a presentence investigation immediately, FED. R. CRIM. P. 32(c).

4.      The Defendant, **ORLANDO L. HARPER**, agrees to pay restitution in an amount to be determined by the Court, to all persons and entities directly and

-2-

proximately harmed as a result of the Defendant's conduct in the course of the charged scheme, as provided in Title 18, United States Code, Section 3663A.

5.      The Defendant, **ORLANDO L. HARPER**, understands that in addition to any fines that the Court may impose, the Court will assess $100.00 for each felony count to which he pleads guilty. The Defendant agrees to pay the special assessment by certified check or money order and to deliver the special assessment, on the day the Defendant executes this Plea Agreement, to the Clerk, U.S. District Court, in compliance with the Statement of Special Assessment Amount attached hereto. The Defendant further agrees that any monetary penalty that the Court imposes, including the special assessment, fine, costs or restitution, is due immediately unless otherwise stated by the Court. The Defendant further agrees to submit a fully completed Financial Statement of Debtor form as requested by the United States Attorney's Office. The Defendant further agrees that failure to pay the special assessment at the time of the entry of the guilty plea may result in the obligations of the Attorneys for the Government within this agreement becoming null and void. The Defendant understands that any monetary penalty imposed is not dischargeable in bankruptcy. The Defendant further understands that if he fails to pay the special assessment, this unpaid debt will be turned over to the collections division within the U.S. Attorney's Office for collection, 18 U.S.C. § 3013.

6.      The Defendant, **ORLANDO L. HARPER**, agrees to enter into the Bureau of Prisons Inmate Financial Responsibility Program if sentenced to a term of incarceration. The Defendant agrees that any monetary penalty the court imposes,

-3-

including the special assessment, fines, costs, or restitution, will be paid through participation in this program.

7.    The Defendant, **ORLANDO L. HARPER**, agrees to be fully truthful and forthright with the United States Attorney's Office for the District of South Carolina and federal law enforcement agents in their investigation of the manufacture and distribution of counterfeit securities of organizations and other unlawful activities, to include, but not limited to, truthful and complete debriefings of the Defendant's knowledge concerning the manufacture and distribution of counterfeit securities of organizations and other unlawful activities. Also, the Defendant understands that he must fully disclose and provide truthful information to the Attorneys for the Government including any books, papers, or documents or any other items of evidentiary value to the investigation. The Defendant must also testify fully and truthfully before any grand juries and at any trials or other proceedings if called upon to do so by the Attorneys for the Government, subject to prosecution for perjury for not testifying truthfully. The failure of the Defendant to be fully truthful and forthright at any stage will, at the sole election of the Attorneys for the Government, cause the obligations of the Attorneys for the Government within this Agreement to become null and void. Further, it is expressly agreed that if the obligations of the Attorneys for the Government within this Agreement become null and void due to the lack of truthfulness on the part of the Defendant, the Defendant understands that: (1) the Defendant will not be permitted to withdraw his plea of guilty to the offenses described above; (2) any and all additional charges known to the Attorneys for the Government may be filed in the appropriate district; (3) the Attorneys for the Government may argue for a maximum sentence for the offense to

-4-

which the Defendant has pleaded guilty; and (4) the Attorneys for the Government may use any and all information and testimony provided by the Defendant in the prosecution of the Defendant of all charges.

8.    The Defendant, **ORLANDO L. HARPER**, agrees to submit to such polygraph examinations as may be requested by the Attorneys for the Government and agrees that any such examinations shall be performed by a polygraph examiner selected by the Attorneys for the Government. Defendant, **ORLANDO L. HARPER**, further agrees that his failure to pass any such polygraph examination to the Government's satisfaction will result, at Government's sole discretion, in the obligations of the Attorneys for the Government within the Agreement becoming null and void.

9.    The Attorneys for the Government agree that any self-incriminating information provided by the Defendant, **ORLANDO L. HARPER**, as a result of the cooperation required by the terms of this Agreement, although available to the Court, will not be used against the Defendant, **ORLANDO L. HARPER**, in determining the Defendant's applicable guideline range for sentencing pursuant to the U.S. Sentencing Commission Guidelines. The provisions of this paragraph shall not be applied to restrict any such information:

(A) known to the Attorneys for the Government prior to the date of this Agreement;

(B) concerning the existence of prior convictions and sentences in determining § 4B1.1 (career offender);

(C) in a prosecution for perjury or giving a false statement; or

-5-

(D) in the event there is a breach of the cooperation provisions of this Plea Agreement. § 1B1.8, United States Sentencing Commission Guidelines.

10.    Provided the Defendant, **ORLANDO L. HARPER**, cooperates pursuant to the provisions of this Plea Agreement, and that cooperation is deemed by Attorneys for the Government as providing substantial assistance in the investigation or prosecution of another person who has committed an offense, the Attorneys for the Government agree to move the Court to depart from the United States Sentencing Commission Guidelines, pursuant to §5K1.1 of those Guidelines, and Title 18, United States Code, Section 3553(e), and/or move the Court for reduction of sentence pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. The Defendant,        **ORLANDO L. HARPER**, further understands that any such motions by the Attorneys for the Government are not binding upon the Court, and should the Court sentence the Defendant within the Guidelines, to the maximum penalty prescribed by law or refuse to reduce the sentence imposed, the Defendant will have no right to withdraw his plea.

11.    The Defendant, **ORLANDO L. HARPER**, understands that the matter of sentencing is within the sole discretion of the Court, and that the sentence applicable to Defendant's case will be imposed after the Court considers as advisory the United States Sentencing Commission Guidelines, Application Notes and Policy Statements, as well as the factors set forth in Title 18, United States Code, Section 3553(a). The Defendant also understands that Defendant's sentence has not yet been determined by the Court, and that any estimate of a probable sentencing range Defendant may have received from Defendant's attorney, the Attorneys for the Government, or the

-6-

United States Probation Office is only a prediction, not a promise, and is not binding on the Attorneys for the Government, the Probation Office or the Court. The Defendant further understands that the Attorneys for the Government retain the right to inform the Court of any relevant facts, to address the Court with respect to the nature of the offense, to respond to questions raised by the Court, to correct any inaccuracies or inadequacies in the presentence report, to respond to any statements made to the Court by or on behalf of the Defendant, and to summarize all evidence which would have been presented at trial to establish a factual basis for the plea, FED.R.CRIM.P. 11(b)(3).

12.    The Attorneys for the Government agree to advise the sentencing Court of the extent and value of the Defendant's cooperation if called upon to do so by the Defendant, **ORLANDO L. HARPER.**

13.    The Defendant, **ORLANDO L. HARPER**, understands that the obligations of the Attorneys for the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with the terms and conditions of any bond executed in this case.

14.    The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only in writing signed by all parties; and that any and all other promises, representations and statements, whether

-7-

made prior to, contemporaneous with or after this Agreement, are null and void.

DATE  6/27/05

ORLANDO L. HARPER, Defendant

DATE  6/27/05

JOHN H. HARE
Attorney for the Defendant

JONATHAN S. GASSER
ACTING UNITED STATES ATTORNEY

DATE  6/27/05

By: 
MARSHALL PRINCE
Assistant U. S. Attorney

SUPPLEMENTAL PARAGRAPH:

The Attorneys for the Government agree not to prosecute the Defendant, ORLANDO L. HARPER, for other offenses committed in the District of South Carolina prior to June 16, 2005, which are the same or similar character as those cited herein, with the understanding by the Defendant that no limitation shall be placed upon the Court's consideration of the information concerning the background, character, and conduct of the Defendant for the purpose of imposing an appropriate sentence, and such other offenses may be considered as relevant conduct pursuant to Section 1.B1.3 of the advisory United States Sentencing Commission Guidelines.

-8-

JH  OH

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

UNITED STATES OF AMERICA

VS                                          CR NO. <u>05-497</u>

ORLANDO L. HARPER

# PLEA

The defendant, <u>**ORLANDO L. HARPER**</u>, having withdrawn HIS plea of Not Guilty

entered 5/23/05, pleads **GUILTY** to Count 𝒪𝓃𝑒          of the **INDICTMENT** after

arraignment in open court.

_____
(Signed) Defendant

COLUMBIA, South Carolina
June 27, 2005

AO 245B (SCD Rev. 12/03) Sheet 1 - Judgment in a Criminal Case

# United States District Court
## District of South Carolina

| | |
|---|---|
| UNITED STATES OF AMERICA | **JUDGMENT IN A CRIMINAL CASE**<br>(For Offenses Committed On or After November 1, 1987) |
| vs. | Case Number: CR 3:05-497-MJP (001) |
| ORLANDO L. HARPER | US Marshal's Number: <u>12981-171</u> |
| | <u>JOHN HARE, AFPD</u><br>Defendant's Attorney |

**THE DEFENDANT:**

■ pleaded guilty to count <u>ONE OF THE INDICTMENT</u> on <u>6/27/05</u>.

☐ pleaded nolo contendere to count(s) on which was accepted by the court.

☐ was found guilty on count(s) on after a plea of not guilty.

Accordingly, the court has adjudicated that the defendant is guilty of the following offense(s):

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18:513(a)&18:2 | Please see indictment | August, 2003 | one |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s)

☐ Count(s) ☐ is ☐are   dismissed on the motion of the United States.

☐ Forfeiture provision is hereby dismissed on motion of the United States Attorney.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court or United States attorney of any material change in the defendant's economic circumstances.

9/7/05
Date of Imposition of Judgment

S/ Matthew J. Perry, Jr.
Signature of Judicial Officer

Matthew J. Perry, Jr., Sr., U.S. District Judge
Name and Title of Judicial Officer

September 12, 2005
Date

AO 245B (SCD Rev. 12/03) Judgment in a Criminal Case
    Sheet 2 - Imprisonment

DEFENDANT: ORLANDO L. HARPER
CASE NUMBER: CR 3:05-497-MJP (001)

## IMPRISONMENT

      The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of 15 months. This sentence consists of 15 months as to CR 3:05-497 and 15 months as to CR 05-659 to run concurrently.

■     The court makes the following recommendations to the Bureau of Prisons: that the defendant participate in the Intensive Drug Treatment Program while incarcerated.

■     The defendant is remanded to the custody of the United States Marshal.

☐     The defendant shall surrender to the United States Marshal for this district:

      ☐ at a.m./p.m. on.

      ☐ as notified by the United States Marshal.

☐     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

      ☐ before 2 p.m. on

      ☐ as notified by the United States Marshal.

      ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this Judgment as follows:

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this Judgment.

                                              UNITED STATES MARSHAL

                          By _____

                                      Deputy United States Marshal

AO 245B (SCD Rev. 12/03) Judgment in a Criminal Case
        Sheet 3 - Supervised Release

DEFENDANT: ORLANDO L. HARPER
CASE NUMBER: CR 3:05-497-MJP (001)

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a total term of 3 years. This term consists of 3 years as to CR 05-497 and 3 years as to Cr 05-659 to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter.

☐ The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

☑ The defendant shall not possess a firearm, destructive device, or any other dangerous weapon. (Check, if applicable)

☐ The defendant shall cooperate in the collection of DNA as directed by the Probation Office. (Check, if applicable)

☐ The defendant shall register with the state sex offender registration agency in the state where the defendant resides, works, or is a student, as directed by the Probation Office. (Check, if applicable)

☐ The defendant shall participate in an approved rehabilitation program for domestic violence. (Check, if applicable)

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below). The defendant shall also comply with the additional conditions: **1) The defendant shall participate in a substance abuse treatment program, to include drug testing, as approved by the United States Probation Office. 2) The defendant shall make monthly payments of at least $100.00 toward any outstanding restitution balance while on supervised release. Those payments shall begin 60 days after release from custody and shall be made to the Clerk, U.S. District court, 901 Richland Street, Columbia, S.C. 29201.**

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (SCD Rev. 12/03) Judgment in a Criminal Case
Sheet 5, Part A - Criminal Monetary Penalties

DEFENDANT: ORLANDO L. HARPER
CASE NUMBER: CR 3:05-497-MJP (001)

# CRIMINAL MONETARY PENALTIES

> The defendant will make all checks and money orders
> payable to the "**Clerk, U.S. District Court**" unless otherwise directed by the court.

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth on Sheet 5, Part B.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **Totals:** | $  100.00 | $ na | $  15,059.01 |

**THE COURT HAS FOUND THE DEFENDANT DESTITUTE AND ORDERS THAT PAYMENT OF THE SPECIAL ASSESSMENT IS NOT REQUIRED**.

☐ The determination of restitution is deferred until  An *Amended Judgment in a Criminal Case* will be entered after such determination.

☐ The defendant shall make restitution (including community restitution) to the following payees in the amount listed on the next page.

> If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment unless specified in the priority order or percentage payment column on the next page. However, pursuant to 18 U.S.C. § 3664(8), all nonfederal victims must be paid in full prior to the United States receiving payment.

**SEE VICTIM(S) LIST ON THE NEXT PAGE**

☐ If applicable, restitution amount ordered pursuant to plea agreement . . . . . . . . . . . . . . . **$**

☐ The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of judgment, pursuant to 18 U.S.C. §3612(f). All of the payment options on Sheet 5, Part B, may be subject to penalties for default and delinquency pursuant to 18 U.S.C. §3612(g).

■ The court determined that the defendant does not have the ability to pay interest and it is ordered that:
    ■ The interest requirement is waived for the ☐ fine and/or ■ restitution.
    ☐ The interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

**Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B   SCD (Rev. 12/03) Judgment in a Criminal Case
       Sheet 5, Part A - Continued - Criminal Monetary Penalties

DEFENDANT: ORLANDO L. HARPER
CASE NUMBER: CR 3:05-497-MJP (001)

# RESTITUTION PAYEES

| No. | Name of Payee | *Total Amount of Loss | Amount of Restitution Ordered | Priority Order or Percentage of Payment |
|---|---|---|---|---|
| 1 | Food Lion Grocery Stores | $9,992.39 | $9,992.39 | |
| 2 | Bi-Lo Grocery Store | $4,816.44 | $4,816.44 | |
| 3 | Lowe's Home Improvement Warehouse | $250.18 | $250.18 | |
| | TOTAL | $15,059.01 | $15,059.01 | |

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B    (SCD Rev. 12/03) Judgment in a Criminal Case
     Sheet 5 Part B - Criminal Monetary Penalties

DEFENDANT: ORLANDO LUWILLIAM HARPER
CASE NUMBER: CR 3:05-497-MJP (001)

## SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties shall be due as follows:

A  ☐  Lump sum payment of $ due immediately, balance due

     ☐ not later than , or

     ☐ in accordance with  ☐ C,  ☐ D, or  ☐ E below; or

B  ☐  Payments to begin immediately (may be combined with  ☐ C,  ☐ D, or  ☐ E below); or

C  ☐  Payments in (e.g., equal, weekly, monthly, quarterly) installments of $ over a period of (e.g., months or years), to commence after the date of this judgment; or

D  X  Payments in monthly installments of $100.00 to commence 60 days after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of court, unless otherwise directed by the court.

The Defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

     Defendant and Co-Defendant names and case numbers (including defendant number), total amount, joint and several amount, and corresponding payee, if applicable.

☐ The defendant shall pay the cost of prosecution.
☐ The defendant shall pay the following court cost(s):
☐ The defendant shall forfeit the defendant's interest in property as directed in the Preliminary Order of Forfeiture, filed _____ and the said order is incorporated herein as part of this judgment:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties, and (8) costs, including cost of prosecution and court costs.

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994 but before April 23, 1996.